# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| DENNIS STOLKEY | § § | |
| v. | § § | CIVIL ACTION NO. 3:25-CV-3295-S |
| MERCEDES-BENZ USA, LLC | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Mercedes-Benz USA, LLC's Amended Notice of Removal ("Amended Notice of Removal") [ECF No. 5]. The Court has reviewed and considered the Amended Notice of Removal, the original Notice of Removal [ECF No. 1] and its attachments, including Plaintiff's Original Petition ("Petition") [ECF No. 1-2], and the applicable law. For the reasons that follow, the Court sua sponte remands this case for lack of subject-matter jurisdiction.

### I. BACKGROUND

According to the Petition, Plaintiff Dennis Stolkey leased a 2024 Mercedes-Benz GLS 600 4Matic from Park Place Motorcars Dallas. Pet. ¶ 7. The vehicle was covered by Defendant Mercedes-Benz USA, LLC's written warranty. *Id.* ¶ 11. The dealership assigned its rights under the warranty to Plaintiff when he leased the vehicle. *Id.* ¶ 14. Plaintiff alleges that the vehicle required repairs for the same defect four different times. *Id.* ¶¶ 20-21. When the repairs did not fix the problem, Plaintiff attempted to revoke his acceptance of the vehicle, but Defendant refused his demand. *Id.* ¶¶ 23-27. Plaintiff sued for breach of the written warranty and breach of the implied warranty of merchantability. *Id.* ¶¶ 30-49. For both causes of action, Plaintiff seeks "[m]onetary relief of $49,999 or less ...., which represents Plaintiff's actual damages," unspecified non-monetary relief, costs, and fees. *Id.* ¶¶ 40, 49.

Defendant removed to this Court, predicating federal subject-matter jurisdiction on diversity of citizenship.[1] Notice of Removal ¶ 6. The Court identified defects in Defendant's jurisdictional allegations and ordered Defendant to file an amended notice of removal. Order, Dec. 2, 2025 [ECF No. 4]. Defendant did so, and the Court now concludes that Defendant has not met its burden to show that federal jurisdiction exists.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks and citation omitted). A federal court must presume that a case lies outside its limited jurisdiction, and the party asserting jurisdiction bears the burden of establishing the contrary. *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014). The Court must examine its jurisdiction sua sponte, *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012), and "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The two principal bases upon which a district court may exercise jurisdiction are: (1) the existence of a federal question, *see* 28 U.S.C. § 1331, and (2) complete diversity of citizenship among the parties, *see* 28 U.S.C. § 1332. Jurisdiction under Section 1332(a) requires both diversity among the parties and an amount in controversy that exceeds $75,000, excluding interest and costs. *Id.*

"The amount in controversy is not proof of the amount the plaintiff will recover but an estimate of the amount that will be put at issue in the course of the litigation." *Durbois v. Deutsche*

---

[1] Defendant has not attempted to invoke federal jurisdiction under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310, which Plaintiff cites in his Petition and which establishes federal jurisdiction over certain breach-of-warranty claims where the amount in controversy is at least $50,000.

*Bank Nat'l Tr. Co.*, 37 F.4th 1053, 1057 (5th Cir. 2022) (quotation marks omitted). In cases removed on the basis of diversity, "the sum demanded in good faith in the initial pleading" is ordinarily "deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). But where, as here, the pleading does not demand a specific amount, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds" the jurisdictional threshold. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). The removing defendant may do so in one of two ways: "(1) by establishing that it is 'facially apparent' that the claims are likely to exceed $75,000, or (2) by setting forth the facts in controversy that support a finding of the requisite amount." *Guijarro v. Enter. Holdings, Inc.*, 39 F.4th 309, 314 (5th Cir. 2022).

### III. ANALYSIS

Defendant does not address Plaintiff's statements in the Petition that "the damages in this matter are not greater than the $75,000 minimum amount in controversy" or that Plaintiff seeks "[m]onetary relief of $49,999 or less." Pet. ¶¶ 6, 40, 49. Instead, Defendant asserts that the amount in controversy exceeds $75,000 because "Plaintiff states that he is seeking monetary relief that includes revocation/rescission of a sales contract for the subject vehicle valued at $186,807" and Plaintiff has made payments on the vehicle of over $100,000. Am. Notice of Removal ¶ 2. But Plaintiff is not seeking rescission or revocation of a contract; Plaintiff pleaded causes of action for breach of warranty. Pet. ¶¶ 30-49. The two theories are mutually exclusive. *Impact Finishing, Inc. v. Wild Card, Inc.*, 713 F. Supp. 3d 322, 350 (N.D. Tex. 2024). Plaintiff, as master of his complaint, may choose one or the other cause of action, even if his choice to pursue one over the other prevents Defendant from invoking this Court's jurisdiction. *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025).

For breach-of-warranty claims governed by Texas law, like those raised by Plaintiff, "[t]he measure of damages . . . is the difference at the time and place of acceptance between the value of

the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount." TEX. BUS. & COM. CODE § 2.714(b). In other words, "Texas law allows recovery for the diminished value of the good caused by the breach of warranty." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 888 (5th Cir. 2014). It appears that the value of the vehicle, had it been as warranted, would have been $186,807 at the time of acceptance. Am. Notice of Removal ¶ 2. But Defendant presents no evidence or argument from which the Court could determine the actual value of the allegedly defective vehicle. Without evidence of the diminished value of the vehicle, the Court is unable to determine the amount in controversy. *See Scarlott*, 771 F.3d at 890. Defendant therefore has not met its burden to establish federal jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, the Court **REMANDS** this case to the 68th Judicial District Court, Dallas County, Texas.

**SO ORDERED.**

SIGNED January 5, 2026.

_____
**KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE**